UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                    :
MMJ APPAREL IP LLC, et al.,                         :
                                                    :
                              Plaintiffs,           :
                                                    :            26-cv-1340 (LJL)
              -v-                                   :
                                                    :            ORDER
RONGHAN INTERNATIONAL LIMITED, et al.,              :
                                                    :
                              Defendants.           :
                                                    :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiffs MMJ Apparel IP LLC and MMJ Apparel LLC move to serve non-party

subpoenas on twelve entities—PayPal, Cloudflare, Google Pay (Google LLC), YouTube

(Google LLC), Apple, Instagram (Meta), Facebook (Meta), Pinterest, VISA, American Express,

Mastercard, and Gofo Inc.—in order to obtain documents sufficient to identify the names and

contact information of certain account holders, including any communications with such account

holders or their agents respecting the ownership and administration of the infringing website and

related social media sites.  Dkt. No. 25 at 1–2; Dkt. No. 27 at 1–3.  For the following reasons, the

motion is granted.

The Court assumes familiarity with the allegations and procedural history of this case.

Plaintiffs bring claims for trademark infringement and counterfeiting against Defendants,

including John Doe Defendants, who are located in the People's Republic of China.  As relevant

for this motion, Defendants are alleged to maintain social media accounts with Instagram,

Pinterest, Facebook, and YouTube; Cloudflare is alleged to provide internet support for the

infringing website identified in the complaint; PayPal, Google Pay, VISA, Apple, American

Express, and Mastercard allegedly accept e-commerce purchase payments through the infringing

website; and Gofo Inc. is alleged to have provided shipping services for the infringing website. Dkt. No. 25 at 1; Dkt. No. 27 at 1–3. Plaintiffs seek to obtain the identity of the John Doe Defendants who allegedly are infringing their products and trademarks. Plaintiffs have sought to serve Defendants in China but have been informed that at least two could not be served because they were not found at the registered addresses. Dkt. No. 25 at 1. On June 17, 2026, following a hearing on the motion, Plaintiffs submitted a supplemental letter further clarifying the scope of the requested subpoenas, including the specific information they seek to identify the account holders. *See* Dkt. No. 27.

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in certain circumstances, including by court order. Fed. R. Civ. P. 26(d)(1). Courts grant such orders according to a "flexible standard of reasonableness and good cause." *Strike 3 Holdings, LLC v. Doe*, 2019 WL 5459693, at *1 (S.D.N.Y. Oct. 9, 2019) (citation omitted). The question in this case is what constitutes reasonableness and good cause where a plaintiff bringing trademark infringement claims seeks to serve third-party subpoenas to discover the identities of John Doe defendants who have not yet appeared or answered the complaint. Courts in this District have confronted similar issues in connection with *ex parte* motions served by Strike 3 Holdings, LLC, an owner and distributor of adult films, to identify persons alleged to be illegally downloading and distributing its materials. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 2023 WL 123205, at *1 (S.D.N.Y. Jan. 6, 2023); *Strike 3 Holdings, LLC v. Doe*, 2022 WL 785216, at *1 (S.D.N.Y. Mar. 15, 2022); *Strike 3 Holdings, LLC v. Doe*, 2021 WL 1910590, at *1 (S.D.N.Y. May 12, 2021); *Strike 3 Holdings, LLC v. Doe*, 2020 WL 5992346, at *1 (S.D.N.Y. Oct. 9, 2020).

The Court finds those rulings instructive, particularly their reliance on the five factors articulated by the Second Circuit in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), for assessing reasonableness and good cause under Rule 26(d)(1):

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actional harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*See, e.g.*, *Strike 3 Holdings*, 2023 WL 123205, at *1 (cleaned up) (quoting *Arista Recs.*, 604 F.3d at 119); *Strike 3 Holdings*, 2022 WL 785216, at *1 (same); *Strike 3 Holdings*, 2021 WL 1910590, at *1 (same); *Strike 3 Holdings*, 2020 WL 5992346, at *1 (same). Other courts have likewise applied the *Arista* factors in the context of motions for expedited discovery to determine the identity of John Doe defendants in trademark infringement cases. *See, e.g.*, *Enneagram Personality Types, Inc. v. Kajtezovic*, 2025 WL 718977, at *5 (W.D.N.Y. Mar. 6, 2025).

Application of the *Arista* factors here counsels in favor of granting the motion for expedited discovery.

First, Plaintiffs have made a prima facie showing of trademark infringement. "To state a claim for infringement of a registered trademark or counterfeiting under the Lanham Act, a plaintiff must allege that '(1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale or advertising of goods or services, (5) without the plaintiff's consent.'" *Rovio Ent., Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 544–45 (S.D.N.Y. 2015) (quoting *1–800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406–07 (2d Cir. 2005)). "In addition, the plaintiff must show that defendant's use of that mark 'is likely to cause confusion . . . as to the affiliation, connection, or association of [defendant] with [plaintiff], or as to the origin, sponsorship, or

3

approval of [the defendant's] goods, services, or commercial activities by [plaintiff].'" *1-800 Contacts*, 414 F.3d at 407.

Plaintiffs allege that they are the owner of federally registered trademarks relating to "Milly" (the "Milly Marks"), Dkt. No. 1 ¶¶ 23–26; that Defendants have deliberately, knowingly, and willfully used the Milly Marks to advertise and sell in commerce infringing products on an infringing website, *id.* ¶¶ 3, 35–49; and that Defendants have done so without permission from Plaintiffs, *id.* ¶¶ 49, 60, 71, 80–81. Plaintiffs further allege that Defendants' use of the Milly Marks is not only likely to cause confusion as to the goods' affiliation, connection, or association with Plaintiffs, but that it already has resulted in such confusion. *See id.* ¶¶ 50–54. These allegations establish the elements for a claim of infringement of a registered trademark.

Second, Plaintiffs' request for discovery is sufficiently specific. The proposed subpoenas are limited to information identifying the name and contact information of the relevant account holders and any communications with those individuals or their agents concerning the ownership and administration of the infringing website and related social media sites. *See* Dkt. No. 27. Courts routinely find requests for unidentified defendants' names and contact information sufficiently specific to meet the second *Arista* factor. *See, e.g.*, *Strike 3 Holdings*, 2023 WL 123205, at *1. Plaintiffs' requests for information regarding the ownership and administration of the website and social media sites—particularly as clarified in their supplemental letter submission of June 17, 2026—are similarly circumscribed.

Third, Plaintiffs have demonstrated that they have been unable to identify Defendants by other means. Plaintiffs have attempted to serve Defendants under the Hague Convention, and the Chinese Central Authority has informed Plaintiffs that at least two of the Defendants could not be served because those entities were not found at the indicated addresses despite those entities

being registered at the addresses.  Dkt. No. 25 at 1.  This provides support for the inference that the John Doe Defendants who are allegedly behind the infringing website and social media sites might also be attempting to conceal their identities.

Fourth, the subpoenaed information is needed to advance the claim.  To the extent that Defendants cannot be located at their registered addresses and therefore cannot be served, information further revealing their identities and that of their alleged co-conspirators would promote attempts at service.  Identifying a defendant for the purposes of effecting service is a legitimate interest which helps promote the progress of the litigation.  *See Sony Music Ent. Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process.").

Finally, although there is no "objecting party" in this case, the Court finds that any privacy interests Defendants have in concealing their identities and in their ownership and control of the infringing site and accounts is minimal and insufficient to bar expedited discovery. In the copyright context, "courts have routinely held that a defendant's . . . privacy interests" in infringing conduct is limited.  *Arista Recs. LLC v. Does 1–16*, 2009 WL 414060, at *3 (N.D.N.Y. Feb. 18, 2009) (citation omitted), *aff'd sub nom. Arista Recs., LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010).  The same goes here.  Just as "the First Amendment is not a safe haven for copyright infringement," *id.*, so too is it not a safe haven for trademark infringement.

The balance of the *Arista* factors therefore uniformly favors granting expedited discovery in the limited fashion Plaintiffs now seek.  And the Court finds that outcome further warranted based on a holistic assessment of reasonableness given the totality of the circumstances presented in the complaint.  *Enneagram*, 2025 WL 718977, at *5 (noting that courts occasionally

treat the *Arista* factors "in conjunction with other factors" in "determining whether good cause exists on a motion for expedited discovery").

Plaintiffs' application for leave to serve non-party subpoenas to identify the John Doe Defendants as specified in, and limited by, their letters at Dkt. Nos. 25 and 27 is GRANTED.

SO ORDERED.

Dated: June 18, 2026
          New York, New York

_____
            LEWIS J. LIMAN
        United States District Judge

6